**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| THELVIS REDDELL BLACK, | : | |
|  | : | Civil Action |
| Plaintiff, | : | 08-4383 (SDW) |
|  | : | |
| v. | : | **O P I N I O N** |
|  | : | |
| JOHN MCGINNITY, | : | |
|  | : | |
| Defendant. | : | |

**APPEARANCES:**

    THELVIS REDDELL BLACK, #31924
    Plaintiff pro se
    Passaic County Jail
    Paterson, New Jersey 07501

**Susan D. Wigenton**, United States District Judge:

Plaintiff THELVIS REDDELL BLACK (hereinafter "Plaintiff") currently confined at Passaic County Jail, Paterson, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint").

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for

Page -1-

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff's Complaint names, as Defendant in this action, a certain John McGinnity (hereinafter "Defendant"), a pool attorney retained by the State's Office of Public Defender to represent Plaintiff during Plaintiff's criminal prosecution. Plaintiff's Complaint asserts that: (a) Defendant failed to advise Plaintiff of the existence of a certain letter executed by Plaintiff's co-defendant; and (b) upon discovering the content of the letter (which included information inculpating Plaintiff) in the midst of his trial, Plaintiff hastily took a plea which he now deems unfavorable. Concluding that Defendant's actions unduly caused Plaintiff's current incarceration, Plaintiff now seeks: (a) monetary damaged from Defendant in the amount of $75,000; and (b) to have his criminal sentence vacated.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C.

§ 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). This Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. The Court of Appeals for the Third Circuit recently provided a detailed and highly instructive guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals guided as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's [Rule 8] obligation [is] to

>  provide the 'grounds' of his 'entitle[ment] to relief' requires [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." [Bell Atl. Corp. v.] Twombly, 127 S. Ct. [195,] 1964-65 [(2007)]. Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . [In fact,] the Supreme Court [expressly] disavowed certain language that it had used many times before -- the "no set of facts" language from [a pre-Twombly case]. See id. at 1968.

Phillips, 515 F.3d at 230-32 (original brackets removed).

## DISCUSSION

Plaintiff's claims against his appointed public defender are without merit. To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633. "The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).

For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

It is well-settled that neither a privately retained counsel nor an appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether appointed or privately retained, a defense attorney represents only her client and not the state.[1]  See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995). Therefore, Plaintiff's claims against Defendant has no merit because of Plaintiff's

---

[1] The only exception lies if a defense counsel conspires with the prosecution. See Williams v. Fedor, 69 F. Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)); see also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or understanding to deprive the plaintiff of constitutional rights must exist).  Plaintiff, however, does not assert that his counsel conspired with the prosecutors.

failure to satisfy the color of law requirement.

Moreover, Plaintiff's claim that he is unduly in confinement and shall have his conviction vacated cannot be presented as a § 1983 action. The exclusive federal remedy for an inmate challenging the fact of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies. See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Finally, to the extent that Plaintiff seeks declaratory and injunctive relief other than release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his underlying criminal conviction. See Heck v. Humphrey, 512 U.S. 477 (1994).[2] Where success in a plaintiff's § 1983 damages

---

[2] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.

action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 the underlying decision to confine him. See Muhammad v. Close, 540 U.S. 749, 751 (2004). Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Id.

Plaintiff's allegations in the instant Complaint do not indicate that his criminal conviction has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Rather, Plaintiff is seeking an order so declaring through his Complaint filed in the instant action. Thus, at this time, Plaintiff's challenge to the outcome of the underlying criminal proceedings is not cognizable under § 1983 and should be dismissed without prejudice.

## CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and DISMISSES the Complaint. Plaintiff's § 1983 claims against Defendant are dismissed WITH PREJUDICE. The Court's

finding to that effect has no bearing on Plaintiff's claims against Defendant that Plaintiff might wish to raise under the state law. Plaintiff's habeas challenges and § 1983 challenges for illegality of his confinement are dismissed WITHOUT PREJUDICE.

    An appropriate order accompanies this Opinion.

S/Susan D. Wigenton
**Susan D. Wigenton**
**United States District Judge**

Dated: